275 P.2d 880

Lois H. WHITE, Widow of Paul White, Deceased, Plaintiff,

v.

N. P. METTOME COMPANY, The State Insurance Fund and the Industrial Commission of Utah, Defendants.

No. 8193.

Supreme Court of Utah.
Nov. 8, 1954.

---

8. Watson v. Watson. Paulus v. Bauder, See note 5, supra.

416

C. Vernon Langlois, Salt Lake City, for plaintiff.

E. R. Callister, Jr., Atty. Gen., F. A. Trottier, Salt Lake City, for defendant.

WADE, Justice.

Certiorari to review an order of the Industrial Commission denying Lois H. White compensation for the death of her divorced husband which occurred as a result of an accident in the course of his employment.

The only question presented is: Was applicant a dependant of decedent at the time of his death within the meaning of the provisions of Sec. 35–1–71, U.C.A.1953, which reads as follows insofar as pertinent here:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(1)  A wife upon a husband with whom she lives at the time of his death.

"(2)  *  *  *.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing

at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless he is a member of the family of the deceased employee, or bears to him the relation of husband or wife, * * *."

Applicant was not living with the deceased at the time of his injury which resulted in his death, therefore in order to be entitled to an award she must come under that part of the second provision set out above.

The facts are that applicant had obtained an interlocutory decree of divorce from the deceased on July 10, 1953, the decree of which gave her certain property but did not grant her alimony or support money. Decedent's injury occurred on October 6, 1953, about three months before the divorce could have become final, and he died two days later as a result thereof. Applicant testified that she had divorced him with the idea of shocking him out of his habit of extreme alcoholism and that there had been talks of reconciliation between them, that he had promised to try to quit drinking and that a few days before he was killed he had made arrangements to come and see her that weekend and discuss coming back to live with her and support her.

It is clear that at the time of decedent's injury he was not living with nor supporting applicant, nor was she legally entitled to his support. The only evidence that applicant and decedent might have agreed to resume marital relations and his support of her in the near future came from applicant, an interested witness. The Commission adopted the recommended findings of fact and conclusions of law of its hearing referee who found that applicant had not received anything by way of support from decedent since the divorce nor was there a reasonable expectancy that she would receive such support and therefore was not a dependent of decedent at the time of his injury. The only evidence which even faintly implied that applicant could have reasonably expected to be supported by decedent having come from applicant herself, and in view of the fact that no one else was present at these supposed conversations, and also in view of the fact that decedent was dead and could not be there to deny them, the Commission could reasonably disbelieve the applicant and find as it did. See Smith v. Industrial Commission, 104 Utah 318, 140 P.2d 314. The question of dependency being one of fact under the circumstances of this case and there being no evidence of reasonable expectancy of support other than that of applicant, the Commission's decision is binding on this Court.

The Commission's order is affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WORTHEN, JJ., concur.